UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LEANDRA GUERRERO<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF COLTON, et al.<br><br>Defendant(s). | Case No. 5:26−cv−00978−DTB<br><br>**STANDING ORDER** |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Magistrate Judge David T. Bristow.

The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well. To secure the just, speedy, and inexpensive determination of every action (Fed. R. Civ. P. 1), all counsel are hereby ordered to become familiar with the Federal Rules of Civil and the Local Rules of the Central District of California.[1]

The Court further orders as follows:

1. **Service of the Complaint.** The Plaintiff shall serve the Complaint promptly in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3. Any defendant(s) not timely served will be dismissed from the action without prejudice and any "Doe" or factiously named defendant who is not identified and served within ninety (90) days after the case is filed will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

2. **Proposed Orders.** Each party filing or opposing a motion or seeking the determination of any matter shall serve and file a proposed order which sets forth the relief or action sought and a brief statement of the rationale for the decision, including citation of authorities, that the party requests the Court to adopt.

3. **Presence of Lead Counsel.** **All** lead trial counsel must attend, in person, any scheduling and pretrial conferences set by the Court. Failure of lead trial counsel to appear for those proceedings is a basis for sanctions.

4. **Motions.** Motions shall be filed and set for hearing in accordance with Local Rule 6-1. Motions will be heard on Thursdays commencing at 10:00 a.m., unless the Court directs otherwise. If Thursday is a national holiday, this Court does not hear motions on the succeeding Friday. Any motion noticed for a holiday shall automatically be set to the next Thursday without further notice to the parties. Any opposition or reply papers due on a holiday are due the preceding Friday. Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances, and for good cause shown, will the Court agree to extend these page limitations. When citing to legal databases, wherever possible cite to Westlaw rather than Lexis.

Unless clearly justified under the circumstances of the case, "motions to dismiss or in the alternative for summary adjudication" are discouraged. These composite motions tend to blur the legitimate distinction[s] between the two

motions, which have different purposes. Frequently, the composite motions introduce evidence that is extrinsic to the pleadings. On the one hand, such evidence is improper for consideration in a Fed. R. Civ. P. 12(b)(6) motion, while on the other hand, treatment of the motion as a Rule 56 motion frequently results in reasonable invocation of Rule 56(f) by the non-moving party.

Moreover, Rule 12(b)(6) motions are discouraged unless counsel has a good faith belief that such motion will likely result in dismissal, without leave to amend, of all or at least some of the claims under applicable law.

**Motions for Summary Judgment or Partial Summary Judgment:** No party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication. Parties offering evidence in support of, or in opposition to, a Rule 56 motion must cite to specific page and line numbers in depositions and paragraph numbers in affidavits. Furthermore, such evidence must be authenticated properly. The Court directs the parties to become familiar with Orr v. Bank of America, NT & SA, 285 F.3d 764 (9th Cir. 2002).

The moving party's brief shall also be accompanied by an statement of undisputed facts ("SUF"). The SUF shall be presented in a table format and include the following columns:

    a. The first column shall contain the number of the fact alleged to be undisputed.

    b. The second column shall contain a plain statement of the fact. **Facts shall not be compound.** If, for instance, the required response is that the fact is disputed in part, the fact is compound. Further, neither legal arguments nor conclusions constitute facts.

    c. The third column shall contain a citation to admissible evidence the party believes supports the proffered fact.

\\\

For example:

| Pl.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7. Decl. of Plaintiff's Expert ¶ 14. |
| . . . | . . . | . . . |

The party opposing the summary judgment motion shall include with its opposition a statement of genuine issues that includes the moving party's table; but the opposing party shall add a fourth column to the moving table identifying those facts that are in dispute, briefly explaining the dispute, and citing the evidence supporting the dispute. The opposing party shall not set forth legal objections in the statement of genuine issues.

For example:

| Pl.'s SUF No. | Fact | Supporting Evidence | Def.'s Response |
|---|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. | Undisputed. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. | Disputed. The light was red when Plaintiff traveled through the intersection. (Decl. of Defendant ¶ 6.) |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14. | Disputed. Plaintiff was driving 52 miles per hour when she went through the intersection. (Decl. of Defendant's Expert ¶ 9.) |
| . . . | . . . | . . . | . . . |

If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.

If the party opposing the summary judgment motion wishes to include its own set of undisputed facts, it may include them in a second table at the end of its statement of genuine issues. The opposing party's undisputed facts shall be set forth in the same manner as the moving party's SUF.

For example:

| Pl.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | The tires on Plaintiff's car had only 1 millimeter of tread remaining at the time of the accident. | Decl. of Mechanic ¶ 5. |
| . . . | . . . | . . . |

If either party fails to provide a pincite to the supporting evidence, the Court will deem the proffered fact (or dispute) unsupported. See generally Christian Legal Soc. v. Wu, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs.") (citations omitted).

Additionally, parties shall file any legal objections to the other party's proffered evidence under separate cover.

**5. Withdrawal or Non-Opposition of Motions: In the event that the parties are able to resolve a pending motion,** *they must notify the Court approximately one week before the hearing date.* Sanctions may issue for failure to comply with this requirement, or the broader requirement in Local Rule 7-16 that any party who intends either to withdraw a motion, to not oppose a motion, or to seek a continuance of the hearing date for a motion, **must notify the court by noon on the Tuesday preceding the hearing date.**

**6. Motions for Default Judgment.** Unless otherwise ordered, motions for default judgment shall be filed no later than 14 days after the later of (1) entry of default against the last remining defendant, or (2) resolution of all claims against all defendants who have not defaulted. A motion for default judgment must include a showing of both subject matter jurisdiction and personal jurisdiction. Se In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

**7. Electronic filing.** As of January 1, 2008, the United States District Court for the Central District of California requires electronic filing ("e-filing") of documents in all new and pending civil cases. Information about the Court's Electronic Case Filing system, is available on the Court's website at https://ecf.cacd.uscourts.gov/cgi-bin/ShowIndex.pl.

The "e-filing" of all documents required to be "e-filed" in this matter pursuant to General Order No. 10-07 and Local Rule 5-4 shall be completed by **4:00 p.m. on the date due.** Any documents "e-filed" after 4:00 p.m. on the date due will be considered **untimely.** Any documents that fail to comply with Local Rule 5-4, and particularly Local Rule 5-4.3.1 may be rejected.

**8. Mandatory chambers copies. Counsel shall provide one conformed chambers copy of any "e-filed" document.** Such chambers copies shall be delivered to the "Courtesy Box," located outside of Courtroom 3 on the 3rd floor at the United States District Court, 3470 Twelfth Street, Riverside, California 92501, no later than 5:00 p.m. on the second day following "e-filing." All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3. If the filing party and their counsel fail to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3, the Court may, on its own motion, reschedule any related hearing, as well as imposing sanctions.

**9.** *Ex Parte* **Applications** *Ex parte* applications are considered on the papers and are not usually set for hearing. Counsel are advised that this Court allows *ex parte* applications solely for extraordinary relief -- sanctions may be imposed for misuse of *ex parte* applications. See In re Intermagnetics Am., Inc., 101 B.R. 191 (Bankr. C.D. Cal. 1989). Counsel also should become familiar with Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995), regarding *ex parte* applications.

Counsel's attention is directed to Local Rule 7-19. The moving party shall serve the opposing party by facsimile transmission and shall notify the opposition

that opposing papers must be filed not later than twenty-four hours following such facsimile service. The moving party's declaration in support of an *ex parte* application shall show compliance with Local Rule 7-19 and this Order, failing which the application shall be DENIED. If counsel does not intend to oppose an *ex parte* application, they must so inform the Courtroom Deputy Clerk, (951) 328-4465. As with all motion papers, counsel must deliver a conformed courtesy copy of the papers to the "Courtesy Box," located outside of Courtroom 3 on the 3rd floor at United States District Court, 3470 Twelfth Street, Riverside, California 92501. Counsel will be notified by the Courtroom Deputy Clerk of the Court's ruling or of a hearing time and date should the Court determine that a hearing is necessary.

**10.     Class Actions**  Notwithstanding Local Rule 23-3, the deadline for the filing of a motion for class certification will be set during the Scheduling Conference and/or in a Scheduling Order. No request for relief from Local Rule 23-3 is necessary.

**11.     Stipulations**  Stipulations extending scheduling dates set by this Court are not effective unless approved by the Court. Counsel requesting a continuance must submit a stipulation, with a detailed declaration of the basis for the requested continuance or extension of time, and a proposed order. Continuances will be granted only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied. Any continuances that are requested without an accompanying declaration will be rejected without notice to the parties. The Court sets **firm** trial dates and will not change them without a showing of good cause.

**12.     Applications to File Under Seal**  Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for

which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above.

If the sole ground for the sealing order is that the opposing party (or non-party) has designated the document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within five days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the Court may order that the document be filed in the public record.

**Use of Sealed Documents in Motion Papers:** The Court cautions parties that documents designated as confidential that are attached as exhibits to case-dispositive motions, or redacted portions of case-dispositive briefs that contain confidential information, must meet the high "compelling reasons" threshold. See Kamakana v. City of Honolulu, 447 F.3d 1172 (9th Cir. 2006). A good cause showing, without more, will not satisfy a compelling reasons test, but will only suffice to maintain the confidentiality of documents attached to *non-dispositive* motions. Documents designated as confidential in conjunction with case-dispositive motions or briefs that do not satisfy the compelling reasons test may accordingly be re-designated as public information upon proper request. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003).

**Use of Sealed or Confidential Documents at Trial:** Notwithstanding any provision of a protective order to the contrary, any document, whether previously designated confidential or previously sealed, will be unsealed and will lose its confidential status if offered as an exhibit at trial, absent a showing of the "most compelling" reasons. See Manual for Complex Litigation § 21.432; Foltz, 331 F.3d at 1135–36. Any party believing that a document, portions thereof, or witness

testimony should remain confidential or sealed during trial must request in advance of trial that the court take extraordinary measures, such as closing the courtroom to the public or sealing the trial transcript, to protect the confidentiality of that information. The request must be made in writing and filed no later than the date on which pretrial papers are due.

If previously sealed documents are ordered unsealed for use at trial, counsel for the party offering the document as evidence shall, within two business days of the conclusion of the trial, identify which entries on the docket represent the exhibits actually received. Counsel are required to cooperate with the deputy clerk in order to complete the unsealing process in cases involving voluminous sealed documents.

**13. Removed Actions.** Any answers filed in state court must be lodged with this Court as an exhibit to the Notice of Removal. Any pending motions must be re-noticed in accordance with Local Rule 6-1.

**14. Communications with Chambers.** Counsel shall not attempt to contact the Court or its staff by telephone or by any other *ex parte* means.

**15. Notice of this Order.** Counsel for Plaintiff, or Plaintiff, if appearing on his or her own behalf, shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by noticed removal, the removing Defendant shall serve this Order on all other parties.

**16. Internet Site.** Counsel are directed to review the Central District's website for additional information. The address is https:www.cacd.uscourts.gov

Dated: March 9, 2026

DAVID T. BRISTOW
United States Magistrate Judge

---

[1] Copies of the Local Rules are available on our website at "https:www.cacd.uscourts.gov"

9.