

Dean Gazzo Roistacher LLP
Mitchell D. Dean, Esq. (SBN 128926)
Brooke Mesner, Esq. (SBN 354265)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail:     mdean@deangazzo.com
            bmesner@deangazzo.com

Attorneys for Defendant
City of Colton

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRA GUERRERO,<br><br>                Plaintiff,<br><br>       v.<br><br>CITY OF COLTON; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.:    5:26-cv-00978-DTB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANT CITY OF COLTON'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR FAILURE TO TRAIN**<br><br>Date:         August 6, 2026<br>Time:         10:00 a.m.<br>Courtroom: 4<br>Magistrate:  David T. Bristow<br><br>Complaint Filed: March 2, 2026<br>Trial Date: None set |

## I.    INTRODUCTION

This action arises from a non-fatal officer-involved shooting involving DOE Officers and plaintiff, Leandra Guerrero. ECF No. 1, ¶¶ 29-30. According to the Complaint, Defendant City of Colton ("City") police officers responded to a call for service at an ARCO gas station, where they encountered plaintiff, who allegedly was experiencing a mental health crisis. *Id*. at ¶ 27. Plaintiff alleges the responding officers tased and shot her without warning, causing her to suffer severe injuries. *Id*. ¶¶ 29-31.

///

1

Based on these allegations, plaintiff asserts five causes of action against the City and Doe Officers: (1) excessive force under 42 U.S.C. § 1983; (2) municipal liability under 42 U.S.C. § 1983 based on alleged failure to train; (3) California state law battery; (4) California state law negligence; and (5) violation of Cal. Civ. Code § 52.1.

The City moves to dismiss plaintiff's second cause of action for municipal liability for failure to train. Plaintiff's allegations are conclusory and fail to allege any facts demonstrating the existence of a deficient training program, a pattern of similar constitutional violations, or deliberate indifference by the City. Because plaintiff has alleged all facts presently known and cannot state a plausible claim for relief, any further amendment would be futile, and the second cause of action should be dismissed without leave to amend.

## II.    <u>AUTHORITY</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. A district court properly dismisses a claim if "there is a 'lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) *(quoting Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2) a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "'[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard ... 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citations omitted). Facts "'merely consistent with' a defendant's liability" are insufficient. *Id.* And "'legal conclusions couched as a factual allegation'" are not accepted as true. *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.*

The *Twombly/Iqbal* pleading standards apply to *Monell* claims. *AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *Dougherty v. City of Covina*, 654 F.3d 892, 900-901 (9th Cir. 2011); *Sanders v. City of Nat'l City*, 2020 U.S. Dist. LEXIS 201975, at \*6 (S.D. Cal. Oct. 29, 2020).

### III. ARGUMENT

### IV. This Court Should Dismiss Plaintiffs' *Monell*[1] Claim Against the City for Failure to Train Because it is Insufficiently Pled

#### 1. Authority for Liability for Failure to Train

*Monell* liability may exist for inadequacies in training, supervision, and retention. *See City of Canton*, 489 U.S. 378, 388 (1988); *Davis v. City of Ellensburg*, 869 F. 2d 1230, 1235 (9th Cir. 1989). But this liability exists only when it "amounts to deliberate indifference to the rights of the persons with whom [employees] come into contact" such that the failure to train, supervise, or retain can be considered an official policy or custom that caused the constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 388 (1988); *see Connick v. Thompson,* 563 U.S. 51, 61 (2011); *Benavidez v. County of San Diego*, 993 F.3d

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

1134, 1160 (9th Cir. 2021) (Collins, J., concurring); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007); *Davis,* 869 F.2d at 1235.

Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal or actor disregarded a known or obvious consequence of his actions." *Connick¸* 563 U.S. at 61 (citations omitted). Thus, a municipal policy maker must have "actual or constructive notice that a particular omission" in its training, supervision, or discipline "causes [municipal] employees to violate citizens' constitutional rights." *Id*. Otherwise, "de facto respondeat superior liability" "would result." *Id*. at 62. Thus, plaintiffs must allege and prove a "pattern of similar constitutional violations." *Id*.; *Board of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1977). However, a pattern is unnecessary when the unconstitutional consequences of failing to train are so patently obvious that a City could be liable under Section 1983 without proof of a pre-existing pattern of violations. *See Canton*, 489 U.S. at 390 (finding that when the "need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.").

A good analysis of the necessary allegations to support a *Monell* claim for failure to train is as follows:

> A.G. has not alleged facts sufficient to plead a 'pattern of unconstitutional violations.' *Rosenbaum*, 2021 U.S. Dist. LEXIS 245185, 2021 WL 6092205, at *22. A.G.'s complaint is bereft of any factual allegations 'about any officer's training, [] the inadequacy of that training, or [] a pattern of constitutional violations resulting from inadequate training.' *Id*. The complaint makes conclusory allegations that the City 'failed to properly train' Defendants Fletcher and Overton but does not contain any factual allegations about the training Defendants Fletcher and Overton received or how such training was inadequate. The complaint also does not allege a 'pattern of constitutional violations' resulting from the City's allegedly inadequate training. Although the complaint alleges that Defendant Fletcher 'has been sued multiple times for use of excessive force, including in 2007 and 2009,' that does not rise to a 'pattern of unconstitutional violations.' See *Rosenbaum*, 2021 U.S. Dist. LEXIS 245185, 2021 WL 6092205, at *22 ('Without evidence of a pattern of similar constitutional violations, Plaintiff cannot state a Monell

4

claim for failure to train.'); *Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1032 (N.D. Cal. 2022) (dismissing Monell claim for alleged failure to train where '[t]he complaint contain[ed] no allegations about the specific training that was deficient or how it was deficient and d[id] not allege how the training deficiencies resulted in the alleged constitutional violations'); *Bagley v. City of Sunnyvale*, No. 16-CV-02250-JSC, 2017 U.S. Dist. LEXIS 182903, 2017 WL 5068567, at *6 (N.D. Cal. Nov. 3, 2017) ('Instead of alleging facts specific to the [c]ity's training program, the [p]laintiff's allegations are limited to individual officers' on-site conduct in no more than three isolated instances, including the one at issue here. Thus, [p]laintiff fails to plausibly plead a *Monell* claim.'). Accordingly, A.G.'s Monell claim is DISMISSED with leave to amend to assert factual support for his Monell claim.

*A.G. v. City of San Leandro*, Case No. 24-cv-01273-JSW, 2025 U.S. Dist. LEXIS 55630, at *10-11, 2025 WL 902033 (N.D. Cal. Mar. 25, 2025).

## 2. Plaintiff's Allegations

Plaintiff alleges:

- On information and belief, CITY OF COLTON failed to properly and adequately train Defendants DOE OFFICERS, including, but not limited to, with regard to the use of physical force and detention of a person. ECF No. 1, ¶ 50.

- The training policies of Defendant CITY OF COLTON were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, and the use of less than excessive and excessive force; the use of reasonable alternatives to the use of deadly force; proper communication, proper warning; utilizing time, space, distance, cover and concealment; pre-shooting tactics, techniques, and procedures; de-escalation; dealing with situations in which a person is experiencing a mental health crisis; not waiting for sufficient assets, equipment and personnel, including mental health crisis teams to arrive before engaging in situations; controlling officer emotions and fears including inadequate "warrior training" that imbues officers with irrational fears about every situation and encourages excessive and unreasonable force and overreacting to a situation; inappropriate "shot/don't shoot" scenarios in training that promote the use of unreasonable force; continually assessing a situation to justify every shot fired; and providing medical care to person they have injured. *Id*. at ¶ 51.

- Moreover, the training policies of Defendant CITY OF COLTON were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including ensuring detentions are legal and use of force is reasonable and not excessive. *Id.* at ¶ 52.

- Defendants CITY OF COLTON and DOES SUPERVISORS were deliberately indifferent to the obvious consequences of its failure to train its officers adequately. *Id.* at ¶ 53.

- The failure of Defendants CITY OF COLTON and DOE SUPERVISORS to provide adequate training caused the deprivation of PLAINTIFF'S rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury. *Id*. at ¶ 54.

### 3. Plaintiffs' Allegations are Insufficient

As demonstrated above, the Complaint includes general and conclusory allegations about failure to train. No factual allegations exist about (1) how the training and supervision of any specific deputy are allegedly deficient; (2) a pattern of similar constitutional violations occurred; (3) deliberate indifference; or (3) that the failure to train was so patently obvious that the City could even be liable under Section 1983. *See City of Canton*, 489 U.S. at 388; *Connick,* 563 U.S. at 61; *Benavidez*, 993 F.3d at 1160; *Blankenhorn*, 485 F.3d at 484 (9th Cir. 2007); *Davis,* 869 F.2d at 1235; *City of Canton*, 489 U.S. at 390 (a pattern is unnecessary when the unconstitutional consequences of failing to train are so patently obvious that a City could be liable under Section 1983 without proof of a pre-existing pattern of violations.) Failing to do so means that plaintiffs must plead a pre-existing pattern of unconstitutional violations. Nothing in plaintiff's allegations rise to the level of a pattern of unconstitutional violations. *A.G.*, 2025 U.S. Dist. LEXIS 55630, at

///

6

*10-11. In fact, plaintiff's complaint fails to allege any prior instances. The only isolated instance they even refer to is the one incident in this case.

## V.    CONCLUSION

Because plaintiff has alleged all facts presently known and cannot state a plausible claim for relief, any further amendment would be futile, and the second cause of action should be dismissed without leave to amend.

Dated: June 29, 2026                                        Dean Gazzo Roistacher LLP

By: _/s/ Brooke M. Mesner_
     Mitchell D. Dean
     Brooke Mesner
     Attorneys for Defendant
     City of Colton

## CERTIFICATION OF COMPLIANCE

The undersigned counsel of record for Defendant City of Colton certifies that this Motion to Dismiss Plaintiff's Second Claim for Relief for Failure to Train contains 1,873 words, which:

  X   complies with the word limit of L.R. 11-6.1.

_____ complies with the word limit set by court order dated [date].

Dated: June 29, 2026                         _/s/ Brooke M. Mesner_
                                             Brooke M. Mesner , declarant

7

Case No. ????