**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:      (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
7095 Indiana Ave Ste 200
Riverside, CA 92506
(951) 682-9311
Email: tpacker@grechpackerlaw.com

*Attorneys for Plaintiff*
LEANDRA GUERRERO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRA GUERRERO,<br><br>               Plaintiff,<br><br>   vs.<br><br>CITY OF COLTON; and DOES 1-10, inclusive,<br><br>               Defendants. | CASE No.: **5:26-cv-00978-DTB**<br><br>[*Honorable David T. Bristow*]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF COLTON'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR FAILURE TO TRAIN**<br><br>**Complaint Filed**: March 2, 2026<br>**Jury Trial**: Not Set<br>**Hearing**<br>Date: August 6, 2026<br>Time: 10:00 a.m.<br>CTRM: 4 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................1

I.      INTRODUCTION ..........................................................................1

II.     LEGAL STANDARD .....................................................................1

III.    PLAINTIFF'S ALLEGATIONS ARE SUFFICIENTLY PLED ..................2

IV.     PLAINTIFF SUFFICIENTLY ALLEGED FAILURE TO ADEQUATELY TRAIN AGAINST THE DEFENDANT CITY OF COLTON PURSUANT TO *MONELL* ........................................................4

V.      CONCLUSION ..............................................................................7

CERTIFICATE OF COMPLIANCE ...............................................................8

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**

*AE ex rel. Hernandez v. City of Tulare*,
666 F.3d 631 (9th Cir. 2012)……………………………………………………6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)……………………………………………………………1

*Bd. of City Comm'rs v. Brown*,
520 U.S. 397 (1997)……………………………………………………………7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)……………………………………………………………2

*City of Canton, Ohio v. Harris*,
489 U.S. 378 (1989)…………………………………………………………6, 8

*Connick v. Thompson*,
563 U.S. 51 (2011)……………………………………………………………...7

*Conservation Force v. Salazar*,
646 F.3d 1240 (9th Cir. 2011)…………………………………………………1

*Empress, L.L.C. v. City & Cnty. of S.F.*,
419 F.3d 1052 (9th Cir. 2005)…………………………………………………5

*Estate of Osuna v. City of. Stanislaus*,
392 F. Supp. 3d 1162 (E.D. Cal. 2019)………………………………………4

*Evans v. McKay*,
869 F.2d 1341 (9th Cir. 1989)……………………………………………… 5

*Fairley v. Luman*,
281 F.3d 913 (9th Cir. 2002)…………………………………………………7

*Flores v. City of Los Angeles*,
758 F.3d 1154 (9th Cir. 2014)……………………………………………… 6

*Galbraith v. Cnty. of Santa Clara*,
307 F.3d 1119 (9th Cir. 2002)…………………………………………………5

*Garmon v. City of Los Angeles*,
828 F.3d 837 (9th Cir. 2016)…………………………………………………6

*Geraci v. Homestreet Bank*,
347 F.3d 749 (9th Cir. 2003)…………………………………………………2

*Guevara v. City of Los Angeles*,
No. 14-cv-08120 DDP, 2015 WL 224727, at *4 (C.D. Cal. Jan. 15, 2015)…… 5

*Johnson v. Hawe*,
388 F.3d 676 (9th Cir. 2004)…………………………………………………7

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*,
507 U.S. 163 (1993)……………………………………………………………5

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001)…………………………………………………5

*Long v. City of Los Angeles*,
  442 F.3d 1178 (9th Cir. 2006)…………………………………………………….. 7
*Merritt v. City of Los Angeles*,
  875 F.2d 765 (9th Cir. 1989)……………………………………………………7
*Miranda v. Clark City, Nev.*,
  319 F.3d 465 (9th Cir. 2003)……………………………………………………7
*Pareto v. F.D.I.C.*,
  139 F.3d 696 (9th Cir. 1998)……………………………………………………1
*Price v. Sery*,
  513 F.3d 962 (9th Cir. 2008)……………………………………………………6
*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001)……………………………………………………1
*Tsao v. Desert Palace, Inc.*,
  698 F.3d 1128 (9th Cir. 2012)………………………………………………… 4
*Vasquez v. Los Angeles Cnty.*,
  487 F.3d 1246 (9th Cir. 2007)......................................................................... 9
*Williamson v. Gen. Dynamics Corp.*,
  208 F.3d 1144 (9th Cir. 2000)………………………………………………… 2

**Statutes**                                                                **Page(s)**

Federal Rule of Civil Procedure 8(a)(2) ...................................................................1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Before this Court is Defendant City's Motion to Dismiss Plaintiff's second cause of action only, municipal liability for adequate training, in this officer-involved shooting case. Plaintiff contends that the Complaint clearly establishes enough factual support to state a plausible claim considering the involved officers' numerous violations of basic officer training and practices, failed to de-escalate, used inappropriate tactics for a person suffering a mental health crisis, failed to give a warning, failed to maintain cover and distance, failed to allow the use of less-lethal force to take its effect, and used excessive and unreasonable force. These violations occurred, as alleged, while there were reasonable alternatives when Plaintiff was not an immediate threat of death or serious bodily injury to any person or officer. An adequately trained officer would not have used deadly force here. Thus, Defendant's Motion should be denied.

### II.   LEGAL STANDARD

The standard is whether the factual allegations in a complaint, taken as true with all reasonable inferences in the non-movants' favor, state a cognizable, plausible, claims for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). Despite only requiring a short and plain statement (Fed. R. Civ. Pro. 8(a)(2)) and *not* requiring detailed factual allegations (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)), Plaintiff provided numerous pages of factual allegations (Complaint, Doc. 1) demonstrating her ability to prove a set of facts in support of her claims which would entitle her to relief. *See Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003); *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

### III.    PLAINTIFF'S ALLEGATIONS ARE SUFFICIENTLY PLED

On February 13, 2025, on information and belief, Plaintiff was at an ARCO gas station located at 1240 East Washington Street in Colton, California, when Doe Officers utilized excessive and unreasonable force against her. (Compl. ¶26.) Doe Officers responded to a disturbance at the ARCO gas station. Based on the nature and description of the call and the Officers' own observations prior to using force, the Defendant Officers knew or should have known that Plaintiff was emotionally disturbed and/or under the throes of a mental health crisis. (Compl. ¶27.) When they arrived at the gas station, Doe Officers found Plaintiff inside a vehicle and ordered her to exit the vehicle. (Compl. ¶28.) Without any warning of the force that would be utilized, Plaintiff was tased and shot multiple times by Doe Officers upon exiting the vehicle. (Compl. ¶29.)

Plaintiff was not an immediate threat of death or serious bodily injury when the force was used. Plaintiff was not armed with a firearm and never pointed a firearm at any person or officer; Plaintiff did not attempt to harm any person or officer; Plaintiff was not being assaultive or violent; Plaintiff did not run or lung at any officer; Plaintiff did not make a furtive or harrowing gesture that would indicate to any reasonable officer that she was attempting or about to harm any person or officer; Plaintiff never attempted to take a hostage or enter a place occupied by bystanders; and Plaintiff never verbally threatened any officer. Plaintiff never had the apparent intent to immediately cause death or serious bodily injury to any person and did not have the opportunity to immediately cause death or serious bodily injury to any person. Thus, Defendants used of force were objectively unreasonable and excessive. (Compl. ¶¶32, 36, 38-46.)

The Defendant Officers failed to de-escalate the situation, failed to give a warning despite it being feasible to do so, and failed to attempt or allow the effective use of less-intrusive alternatives, which were on their person and/or available to them. (Compl. ¶33.) Plaintiff was subjected to deadly force, inflicted

when she was repeatedly shot at while being tased by Doe Officers. (Compl. ¶34.)

On information and belief, City of Colton failed to properly and adequately train Defendants Doe Officers, including, but not limited to, with regard to the use of physical force and detention of a person. (Compl. ¶50.) The training policies of Defendant City of Colton were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, and the use of less than excessive and excessive force; the use of reasonable alternatives to the use of deadly force; proper communication, proper warning; utilizing time, space, distance, cover and concealment; pre-shooting tactics, techniques, and procedures; de-escalation; dealing with situations in which a person is experiencing a mental health crisis; not waiting for sufficient assets, equipment and personnel, including mental health crisis teams to arrive before engaging in situations; controlling officer emotions and fears including inadequate "warrior training" that imbues officers with irrational fears about every situation and encourages excessive and unreasonable force and overreacting to a situation; inappropriate "shot/don't shoot" scenarios in training that promote the use of unreasonable force; continually assessing a situation to justify every shot fired; and providing medical care to person they have injured. (Compl. ¶51.)

Moreover, the training policies of Defendant City of Colton were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including ensuring detentions are legal and use of force is reasonable and not excessive. (Compl. ¶52.) Defendants City of Colton and Doe Supervisors were deliberately indifferent to the obvious consequences of its failure to train its officers adequately. (Compl. ¶53.) The failure of Defendants City of Colton and Doe Supervisors to provide adequate training caused the deprivation of Plaintiff's rights by Defendants Doe Officers; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury. (Compl. ¶54.)

## IV.    PLAINTIFF SUFFICIENTLY ALLEGED FAILURE TO ADEQUATELY TRAIN AGAINST THE DEFENDANT CITY OF COLTON PURSUANT TO *MONELL*

Defendants' Motion appears to misapprehend the pleading requirements of a *Monell* claim. "[A] public entity may be held liable for a longstanding practice or custom…. Such circumstances may arise when, for instance, the public entity 'fail[s] to implement procedural safeguards to prevent constitutional violations or when it fails to adequately train its employees.'" *Estate of Osuna v. City of. Stanislaus*, 392 F. Supp. 3d 1162, 1172 (E.D. Cal. 2019) (quoting *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012)). Plaintiff's Complaint sufficiently alleges a failure to adequately train (Compl. ¶¶50-54). These allegations are sufficient to meet the standard set forth in *Iqbal*, 556 U.S. at 677-80, as they are sufficient to give Defendant City fair notice of the claims and to raise a reasonable inference that its training policies were a cause of Plaintiff's injuries. *See, e.g., Guevara v. City of Los Angeles*, No. 14-cv-08120 DDP, 2015 WL 224727, at *4 (C.D. Cal. Jan. 15, 2015).

There is no heightened pleading standard with respect to demonstrating municipal liability. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-68 (1993); *see also Empress, L.L.C. v. City & Cnty. of S.F.*, 419 F.3d 1052, 1055 (9th Cir. 2005); *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1124 (9th Cir. 2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 679-80 (9th Cir. 2001); *Evans v. McKay*, 869 F.2d 1341, 1349 (9th Cir. 1989). After *Twombly* and *Iqbal*, the *Starr* Court addressed the Supreme Court's jurisprudence on the pleading requirements applicable to civil actions. Whatever the differences between the Supreme Court cases, there are two principles common to all: (1) the complaint must contain sufficient allegations of underlying facts to give *fair notice* and to enable the opposing party to defend itself effectively, and (2) the factual allegations that are *taken as true* must plausibly

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*suggest an entitlement to relief. Starr*, 652 F.3d at 1216; *AE ex rel. Hernandez v. City of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (the *Starr* standard applies to *Monell* pleadings).

The plaintiff may establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-91 (1989); *Garmon v. City of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016); *Flores v. City of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014); *Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008); *Blankenhorn*, 485 F.3d at 484-85; *Long v. City of Los Angeles*, 442 F.3d 1178, 1186-87 (9th Cir. 2006); *Johnson v. Hawe*, 388 F.3d 676, 686 (9th Cir. 2004); *Miranda v. Clark City, Nev.*, 319 F.3d 465, 471 (9th Cir. 2003) (en banc); *Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002) (per curiam); *see especially Bd. of City Comm'rs v. Brown*, 520 U.S. 397, 409-10 (1997) (discussing limited scope of such a claim). Such a showing depends on three elements: (1) the training program must be inadequate "'in relation to the tasks the particular officers must perform'"; (2) the County officials must have been deliberately indifferent "'to the rights of persons with whom the [local officials] come into contact'"; and (3) the inadequacy of the training "must be shown to have 'actually caused' the constitutional deprivation at issue." *Merritt v. City of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (internal citations omitted); *see also Connick v. Thompson*, 563 U.S. 51, 61 (2011).

As alleged, the City Officers are inadequately trained to handle the usual and recurring situations they must deal with, including use of deadly force, de-escalation, and more (Compl. ¶¶51-52). Defendant City's failure to adequately train its officers, assuming all facts and reasonable inferences in favor of the Plaintiff, had a direct causal link with the Defendant Officers' conduct in using excessive deadly force here. Plaintiff alleged that the Defendant City was deliberately indifferent to the obvious consequences of their inadequate training

policies. (*Id*. ¶53.) Finally, as alleged, Defendants' inadequate training was the moving force behind Defendants' deprivation of Plaintiff's rights. (*Id*. ¶54.)

The Court in *Harris*, 489 U.S. 378, held that the inadequacy of police training may serve as the basis for §1983 liability where the failure to train in a relevant respect amounts to deliberate indifference to the constitutional rights of persons with whom the police come into contact. Importantly here, Defendant City has failed to train its officer not to shoot a person who is not an immediate threat of death or serious bodily injury and failed to train its officers in the appropriate tactics prior to and in an effort to eliminate the use of force, as demonstrated in this matter. Here, Plaintiff's allegations give Defendant City "fair notice" because Plaintiff described the alleged failure to train in sufficient detail to inform Defendant City of the basis for Plaintiff's claim. Taking these failure to train pleadings, and applying it to the underlying facts of the incident, for example, the fact that Officers shot Plaintiff while she was not an immediate threat of death or serious bodily injury, where less-intrusive force was not allowed to take effect, and where no warning was given yet feasible, tends to support a failure to train as to whether the Defendant Doe Officers used excessive force against Plaintiff.

Plaintiff meets the threshold requirement, as the Complaint plainly states how the City has failed to train its Officers on specific topics (e.g., use of force, deadly force, de-escalation, tactical communication, and tactical options), how the training resulted in deficient behavior which led to harm, and how the inadequate training is what caused the constitutional violations. Thus, Plaintiff's allegation of failure to train should survive.

When viewed in the light most favorable to Plaintiff, as required by *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007), there are enough factual allegations in the complaint to plead a sufficient *Monell* claim for failure to adequately train.

## V. CONCLUSION

Plaintiff's Complaint provides more than a short and plain statement for relief, which is all that is required at this stage. Fed. Rule Civ. Pro 8(a). For each of the foregoing reasons, Plaintiff respectfully requests an order denying Defendant City's Motion in full.

Respectfully Submitted,

DATED:  July 16, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By:    /s/     Marcel F. Sincich
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
Trent C. Packer, Esq.
*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Regina Castro certifies that this brief contains 2,040 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 16, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: _____/s/_____Marcel F. Sincich_____
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
Trent C. Packer, Esq.
*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS