Dean Gazzo Roistacher LLP
Mitchell D. Dean, Esq. (SBN 128926)
Brooke Mesner, Esq. (SBN 354265)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:      mdean@deangazzo.com
             bmesner@deangazzo.com

Attorneys for Defendant
City of Colton

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRA GUERRERO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COLTON; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:   5:26-cv-00978-DTB<br><br>**REPLY OF DEFENDANT CITY OF COLTON TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR FAILURE TO TRAIN**<br><br>Date:        August 6, 2026<br>Time:        10:00 a.m.<br>Courtroom:  4<br>Magistrate:  David T. Bristow<br><br>Complaint Filed: March 2, 2026<br>Trial Date: None set |

## I.     INTRODUCTION

The City's motion to dismiss plaintiff's second claim for relief, municipal liability for adequate training, should be granted without leave to amend. Plaintiffs cannot cure the fatal defects with further amendment.

Plaintiff failed to plead a fully developed factual record in connection with her *Monell*[1] liability against the City. Instead, plaintiff relies on their allegations

///

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

1

of the facts of this case and broadly states that this is a training failure. As such, plaintiff's second claim for relief must be dismissed without leave to amend.

## II.    ARGUMENT

To establish municipal liability based on failure to train, a plaintiff must show that "(1) he was deprived of a constitutional right, (2) the City had a training policy that amounts to deliberate indifference to the constitutional rights of the persons' with whom its police officers are likely to come into contact; and (3) his constitutional injury would have been avoided had the City properly trained those officers." *Blankenhorn v. City of Orange*, 485 F. 3d 463, 484 (9th Cir. 2007) (internal citations omitted) (cleaned up).

Plaintiff's opposition does nothing more than reiterate her conclusory statements that the City's training was inadequate without providing a specific deficient policy, alleging any specific facts about the City's training policies, or pleading a pattern of similar violations. Accordingly, her claim fails. *See Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 937-38 (S.D. Cal. 2022) (When a complaint contains "no allegations of similar constitutional violations that have occurred in the past or any other facts pertaining to the training of [City] personnel," courts have declined to "infer from a single incident of alleged unconstitutional incident '*both* that the training was defective *and* that [the City was] deliberately indifferent to unconstitutional consequences.'" (emphasis in original) (quoting *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022)); *Canton*, 489 U.S. 378 at 391 ("[P]lainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable."); *Neal v. City of San Diego*, 2025 U.S. Dist. LEXIS 222793, at *5 (S.D. Cal. Nov. 12, 2025) (defendant "shooting and killing [decedent] – on its own – cannot sustain a *Monell* failure-to-train claim"); *Mitchel v. Cnty of Contra Costa*, 600 F. Supp. 3d 1018, 1032 (N.D. Cal. 2022) (dismissing *Monell* claim for alleged failure to train where "[t]he complaint

2

contain[ed] no allegations about the specific training that was deficient or how it was deficient and d[id] not allege how the training deficiencies resulted in the alleged constitutional violations"); *Razon-Salazar v. City of Murrieta*, Case No. 5:25-cv-03433-AH-SKx, 2026 U.S. Dist. LEXIS 73475, at *11 (dismissing failure to train claim for relief when plaintiff only made conclusory statements that the City's training was inadequate or negligent).

### III.    CONCLUSION

Accordingly, the Court should grant the City's motion to dismiss the second claim for relief.

Dated: July 23, 2026                               Dean Gazzo Roistacher LLP

By: */s/ Brooke M. Mesner*
Mitchell D. Dean
Brooke Mesner
Attorneys for Defendant
City of Colton

Case No. 5:26-cv-00978-DTB

## **<u>CERTIFICATION OF COMPLIANCE</u>**

The undersigned, counsel of record for Defendant City of Colton, certify that this Reply of Defendant City of Colton to Plaintiff's Opposition to Motion to Dismiss Motion to Dismiss Plaintiff's Second Claim for Relief for Failure to Train contains 489 words, which:

   X   complies with the word limit of L.R. 11-6.1.

       complies with the word limit set by court order dated [date].

Dated: July 23, 2026               *<u>/s/ Brooke M. Mesner</u>*
                           Brooke M. Mesner, declarant

Case No. 5:26-cv-00978-DTB